**Robert AVIANTO, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 05–2491–ag.

United States Court of Appeals,
Second Circuit.

Nov. 30, 2006.

Lawrence Spivak, New York, NY, for Petitioner.

Monica J. Richards, Assistant United States Attorney for the Western District of New York (Terrance P. Flynn, United States Attorney, on the brief), Buffalo, NY, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges, Hon. JED S. RAKOFF, District Judge.*

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District

## SUMMARY ORDER

Petitioner Robert Avianto, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals ("BIA") decision of April 21, 2005, adopting and affirming a July 30, 2004 decision by Immigration Judge William F. Jankun ("IJ") denying his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *See In re: Robert Avianto,* No. A 96 427 188 (B.I.A. Apr. 21, 2005), *aff'g* No. A 96 427 188 (Immig. Ct. N.Y. City July 30, 2004).

In his petition, Avianto seeks review only of the denial of his withholding of removal claim. Avianto concedes that our review of the BIA's denial of asylum is foreclosed by *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 151 (2d Cir.2006). Moreover, Avianto does not appeal the agency's final decision with regard to his CAT claim or denial of voluntary departure. He argues primarily that the IJ's adverse credibility finding lacks substantial support in the record. He further contends that the supporting documentary evidence in the record supports his contention that the Indonesian government has been complicit in the persecution of Christians by Muslim groups in Indonesia.

Where, as here, "the BIA adopts and affirms the IJ's opinion and supplements it with its own conclusions, we review both the opinion of the IJ and that of the BIA." *Sanusi v. Gonzales,* 445 F.3d 193, 200 (2d Cir.2006). We review the IJ's factual findings for substantial evidence. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). "Under this standard, a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307

(2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Findings of fact will be overturned "only if a reasonable factfinder would be compelled to conclude to the contrary." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006). We will only vacate the IJ's or BIA's decision when the "immigration court [has not] adequately link[ed] its decision to the record evidence in a reasoned opinion that properly applies the law." *Id.* at 337 (internal citations omitted).

■ The IJ's decision is supported by reasonable, substantial, and probative evidence. Avianto's claim, based on religious persecution, centers around allegations that Muslim fundamentalists burned down his church one day before they assaulted him while he was working at a discotheque. The IJ properly noted discrepancies between Avianto's testimony and asylum application regarding the timing and details of the assault at the discotheque and his employment there. As a result, his adverse credibility finding was supported by "specific, cogent reasons" that "bear a legitimate nexus to the finding," *Surinder Singh v. BIA,* 438 F.3d 145, 147 (2d Cir.2006) (per curiam), and therefore his conclusion that Avianto did not suffer past persecution was proper.

■ The IJ's conclusion that Avianto failed to establish a clear probability that he would suffer persecution if returned to Indonesia was also supported by substantial evidence. *See Melgar de Torres v. Reno,* 191 F.3d 307, 311 (2d Cir.1999). The IJ noted that Avianto returned to Indonesia on a number of occasions without incident, and that his family continues to live there and practice Christianity without any difficulty. In addition, the IJ found that none of Avianto's claims or fears relate to any conduct on the part of

of New York, sitting by designation.

the Government of Indonesia, relying on a notable dearth of evidence demonstrating that the Indonesian government is unable to control the Muslim fundamentalists allegedly responsible for the past persecution. *Cf. Ivanishvili,* 433 F.3d at 342.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.